UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NORDSTROM CONSULTING, INC.; and )
INNOVA SYSTEMS, INC., )
          Plaintiffs, )
   v. ) No: 06 C 3234
M&S TECHNOLOGIES, INC.; )
J. ANTHONY & ASSOCIATES, INC.; )
JOSEPH MARINO; and KEVIN BUTLER, ) Judge John W. Darrah
          Defendants. )

M&S TECHNOLOGIES, INC.; and )
J. ANTHONY & ASSOCIATES, )
          Counter-Plaintiffs, )
   v. )
NORDSTROM CONSULTING, INC.; )
INNOVA SYSTEMS, INC.; and )
STEVEN BRUCE NORDSTROM, )
          Counter-Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Nordstrom Consulting, Inc. and Innova Systems, Inc., filed a fifteen-count Complaint[1] against M&S Technologies, Inc.; J. Anthony and Associates, Inc.; Joseph Marino (the President of M&S Technologies, Inc.); and Kevin Butler (an employee of M&S Technologies, Inc.). The Complaint alleges copyright infringement, violation of the digital

---

[1] The numbering in the Complaint contains a typographical error and repeats a number and purports to state fourteen counts.

1

millennium copyright act, unfair competition, breach of contract, conversion, unjust enrichment, fraud, and other common law claims. Butler and Marino were sued in their individual capacities. The Complaint alleges that M&S Technologies, acting through Marino and/or Butler, copied, installed, and distributed unauthorized copies of the copyrighted software without reporting to Nordstrom Consulting, Inc. Specifically, Plaintiffs allege that Butler and/or Marino bypassed the digital security system on Steven Nordstrom's computer and copied all of, or portions of, the various copyrighted software contained on his computer and that Butler and/or Marino made unauthorized copies of copyrighted software. Marino and Butler both filed motions to dismiss, which are currently before this Court.

## LEGAL STANDARD

Generally, in reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). Documents which are referred to in a complaint and are central to a claim, as well as any matters of public record, may be considered on a motion to dismiss. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir. 1994). A plaintiff is not required to plead the facts or elements of a claim. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957) (*Conley*). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## ANALYSIS

*Motion to Dismiss Complaint Against Joseph Marino*

Marino asserts that he is not personally liable because of the holding in *Dangler v. Imperial Machine Co.*, 11 F.2d 945, 947 (1926) (*Dangler*). In *Dangler*, the Seventh Circuit held that absent some "special showing," the officers of a corporation are not liable for the infringements of the corporation, even though such infringements were committed under their direction, if they acted within the scope of their duties. A "special showing" to support individual liability may be satisfied by claiming the officer acted willingly or knowingly; for example, that he personally participated in the manufacture or sale of the infringing article (i.e., acted other than as an officer), that he used the corporation as an instrument to carry out his own willful and deliberate infringements, or that he knowingly used "an irresponsible corporation for the purpose of avoiding personal liability." *Dangler*, 11 F.2d at 947. In addition, a plaintiff can meet the "special showing" requirement by pleading that the defendant was "the founder, president, and majority shareholder of [the defendant corporation] and the 'moving force' behind [the defendant corporation's] alleged infringing activities" and had "'willfully and deliberately induced, aided and abetted the past and continuing infringement.'" *Cooper Industries, Inc. v. Juno Lighting, Inc.*, 1 U.S.P.Q.2d 1313, 1314 (N.D. Ill.1986). These principles have been applied to trademark and patent cases, *see, e.g.*, *Peaceable Planet v. Ty, Inc.*, 185 F. Supp.2d 893, 895 (N.D. Ill. 2002) (collecting cases).

3

Marino argues that the Plaintiffs have failed to plead the "special showing" because Plaintiffs did not assert that Marino used the corporation to carry out the infringement, or knowingly used an irresponsible corporation with the purpose of avoiding personal liability. Further, Marino asserts that the pleading is insufficient to support a claim to pierce the corporate veil. As set out above, Plaintiffs allege that M & S Technologies, J. Anthony & Associates, Inc, Marino, and Butler made unauthorized copies of Plaintiffs' copyrighted software and that the software was sold in violation of 17 U.S.C. § 106(1), (3). Plaintiffs further allege that Butler and/or Marino circumvented the digital security system on Steven Nordstrom's computer, which protected the copyrighted software. Contrary to Marino's assertion that a complaint will be dismissed if it contains "bare legal conclusions" absent facts outlining the basis of the claims, a complaint "need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule." *Kolupa v. Roselle Park District*, 438 F.3d 713, 715 (7th Cir. 2006). "A complaint suffices if any facts consistent with its allegations, and showing entitlement to prevail, could be established by affidavit or testimony at a trial." *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).

Taking the facts alleged in Counts I - III of Plaintiffs' Complaint as true, Marino's Motion to Dismiss is denied. In Counts I - III, the Complaint alleges that Marino personally participated in the infringing actions. With respect to the remaining Counts (i.e., Deceptive Trade Practices, Consumer Fraud and Deceptive Business Act, Common Law Unfair Competition, Violation of the Lanham Act, and Intentional Interference with Prospective Business Relations), the Complaint also contains allegations sufficient to state a claim against Marino. Specifically, the Complaint alleges that Marino represented his ownership in the

4

copyrighted software, allegedly threatened to file a lawsuit against Innova or Nordstrom Consulting, Inc., retained physical copies of the source codes and/or application programs. Thus, the Plaintiffs properly stated a claim as to the remaining Counts against Marino.

*Motion to Dismiss Complaint Against Kevin Butler*

In support of his motion to dismiss, Butler focuses on his position at M&S Technologies, Inc. (a fact not contained within the pleading) and focuses on the fact that Butler's actions were taken at the direction of M&S Technologies, Inc., through Marino. Butler further asserts that he had no knowledge that his acts were wrongful.

The allegations sufficiently state a claim that Butler's own actions are the basis for his potential liability. Butler does not dispute that the Complaint alleges that he copied or installed unauthorized copies of the Plaintiffs' copyrighted software. The Copyright Act states, "Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a).

## CONCLUSION

For the foregoing reasons, Marino's and Butler's Motions to Dismiss are denied.

Dated: October 12, 2006

JOHN W. DARRAH
United States District Court Judge