**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Nordstrom Consulting, Inc. and<br>Innova Systems, Inc., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| | ) | Civil Action No. 06 C 3234 |
| v. | )<br>) | The Honorable John W. Darrah |
| M & S Technologies, Inc., J. Anthony and<br>Associates, Inc., Mr. Joseph Marino, and<br>Mr. Kevin Butler, | )<br>)<br>) | Magistrate Judge Martin C. Ashman |
| Defendants. | )<br>)<br>) | |
| M&S Technologies, Inc. and J. Anthony<br>and Associates, Inc., | )<br>)<br>) | |
| Counter-Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| Nordstrom Consulting, Inc.,<br>Innova Systems, Inc., and Mr. Steven<br>Bruce Nordstrom, | )<br>)<br>)<br>) | |
| Counter-Defendants. | )<br>) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF THEIR MOTION FOR SANCTIONS**

The Motions to Dismiss filed by Defendants Marino and Butler completely ignored the law and facts and amount to nothing more than an ill-fated attempt to unreasonably increase the present litigation. Indeed, as will be shown herein, the Motions were pursued by Defendants even after a formal and detailed letter was provided to Defendants' counsel, wherein the letter:

- identified that the Motions were unsupported in fact or law;

1

- provided an identification and analysis of 7th Circuit precedent supporting same;

- requested Defendants to voluntarily dismiss the Motions; and

- stated that Plaintiffs would seek sanctions if they were forced to defend against such frivolous motions. (See, letter dated July 25, 2006, attached hereto as Exhibit A).[1]

Rather than do the right thing, Defendants Butler and Marino elected to disregard the letter, ignore the law, and cause Plaintiffs (newcomers in the relevant market in direct competition with the Defendants) to unnecessarily waste resources in responding to their Motions. Accordingly, the Plaintiffs now request that all of their costs and fees associated with responding to the frivolous Motions, as well as all of their costs and fees associated with the bringing of the present Motion for Sanctions be ordered paid to them from Defendants, or Defendants' counsel directly.

## I. Introduction

Plaintiffs, Nordstrom Consulting Inc. and Innova Systems, Inc. filed the present action alleging 15[2] Counts against Mr. Joseph Marino, Mr. Kevin Butler, M&S Technologies, Inc. and J. Anthony and Associates, Inc. The Complaint contains Counts for copyright infringement, violation of the Digital Millennium Copyright Act, unfair competition, breach of contract, conversion, unjust enrichment, fraud and others. *See* Complaint, ¶¶ 69-159. The Complaint alleges, *inter alia*, that M&S Technologies, acting through Marino and/or Butler, copied, installed and distributed unauthorized copies of the copyrighted software without reporting to Nordstrom Consulting, Inc. *Id*.

Defendants Joseph Marino and Kevin Butler each filed a Motion to Dismiss them from the present suit. *See* Docket Nos. 20 and 22. Notwithstanding the fact that the Motions were

---

[1] The letter identified the very same case law and facts relied upon by this Court in denying the Defendants' Motions to Dismiss.
[2] The numbering in the Complaint contains a typographical error and unintentionally repeated a numeral.

completely baseless and wholly unsupported in fact or law, Defendants Butler and Marino continued to pursue them even after the detailed (and what should have been an unnecessary) analysis of the relevant 7th Circuit case law was provided to their counsel from Plaintiffs.

Since the Defendants refused to withdraw the Motions, the Plaintiffs were forced to expend time and money opposing same. Notwithstanding the clear reading of the law relied upon in the 7th Circuit, (the same law identified in detail in the letter of Exhibit A and again in Plaintiffs' Response to the Defendants' Motions to Dismiss), the Defendants, in their Reply to the Plaintiffs' Responsive Memorandums, continued to respond as if the relevant 7th Circuit precedent did not exist. Not surprisingly, this Court denied both Motions to Dismiss on October 12, 2006, and, in its formal opinion, relied upon the **very same cases** brought to the attention of the Defendants by the Plaintiffs in their letter of Exhibit A and again in their responsive pleadings.

While Plaintiffs believe that both Motions to Dismiss were, and are frivolous, it is submitted that the Defendants' filings thereof is exemplary of the needless increase in litigation costs being propagated by Defendants.

**II.     Sanctionable Conduct**

The memorandums in support of the Defendants' Motions to Dismiss wholly ignored the controlling legal authority and blatantly failed to address potential avenues of liability against the individual Defendants. Simply, the Defendants ignored the clear law. The Plaintiffs informed the Defendants of the errant positions and requested that the Motions to Dismiss be withdrawn. *See* Exhibit A hereto. However, the Defendants refused to withdraw the frivolous motions and the Plaintiffs were required to respond to the Motions. *See* Docket Nos. 34 and 35. The replies filed by the Defendants continued to ignore the black and white law. *See* Docket Nos. 36 and 37.

Opposing these baseless motions has cost the Plaintiffs both time and money which could have been spent elsewhere. As this Court is no doubt aware, the Motions to Dismiss were terse Motions that provided minimal if any analysis of law, and wholly ignored the relevant authority and many of the factual allegations. Indeed, it appeared that the Motions were filed as a "crap shoot" knowing that at a minimum, the Plaintiffs would feel compelled to provide detailed responses or risk losing against even frivolous motions. One thing is for sure, the Plaintiffs not only spent a significant amount of time and money in the preparation and filing of their responsive briefs, but they also spent a significant amount of time and money in notifying the Defendants of the current 7th Circuit law on personal liability with the hopes that they would have done the right thing and agree with the Plaintiffs' requests to withdraw their two Motions. While it is clear that they should have, unfortunately they did not.

### III.  Compliance with Safe Harbor Provision

As previously mentioned, on July 25, 2006 the Plaintiffs formally notified the Defendants that their Motions to Dismiss were frivolous, provided controlling case law on same and provided analysis and court interpretation associated therewith. In that letter, the Plaintiffs explicitly requested that the Motions be withdrawn, or, pursuant to Fed. R. Civ. Pro. 11, that the Plaintiffs would seek sanctions at the appropriate time.[3] As is well recognized, a letter or demand to withdraw or correct a motion amounts to compliance with the provisions of Rule 11(c)(1)(A). *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003).

The Motions to Dismiss were not withdrawn or corrected. The Plaintiffs filed their opposing (responsive) Memorandum on August 18, 2006 and the Defendants filed their replies

---

[3] Although Plaintiffs could have procedurally brought this Motion earlier on, sensitive and confidential reasons (which can be expressed to the Judge if need be) precluded same.

4

on September 5, 2006. The Court denied both Motions in an Opinion and Order dated October 12, 2006.

By giving the Defendants the required notice and more than 21 days to correct the frivolous motions (*See*, Exhibit A), the Plaintiffs have complied with the safe harbor provision of Rule 11(c)(1)(A).

**IV. Standard for Sanctions**

A trial court's decision to impose Rule 11 sanctions is reviewed with deference. *Divane v. Krull Electric Co. Inc.*, 200 F. 3d 1020, 1025 (7th Cir. 1999). Rule 11(b) of the Federal Rules of Civil Procedure states,

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. Pro. 11.

Under Fed. R. Civ. Pro. 11, a court is required to impose sanctions if an attorney files pleadings which: are not reasonably based upon existing law or fact; or are filed for an improper purpose. *Lapine v. Edward Marshall Boehm, Inc.*, 1991 U. S. Dist. Lexis 500, *5 (N.D. Il. 1991)

5

citing to *Brown v. Federation of Medical Boards of the United States*, 830 F.2d 1429, 1433 (7th Cir. 1987).

The standard for imposing sanctions under either prong of Rule 11 is an "objective determination of whether the sanctioned party's conduct was reasonable under the circumstances." *Complete Auto Transit, Inc. v. Chauffers, Teamsters and Helpers Local Union No. 414*, 848 F. Supp. 848, 850 (N.D. In. 1994) quoting *Brown* at 1436. If a pleading, motion, or other paper violates either prong of Rule 11, the court "shall impose" an appropriate sanction, "which may include the amount of reasonable expenses and attorney fees incurred by the other party because of the filing of the pleading or motion." *Complete* quoting *Brown at 1433; Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1082 (7th Cir. 1987), cert. dismissed, *485 U.S. 901 (1988)*.

One of the purposes of *Rule 11* "is to deter baseless filings in the district court." *Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998)* (quoting *Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 L. Ed. 2d 359, 110 S. Ct. 2447 (1990)).* Sanctions under Rule 11 may be imposed on a party for "making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." *Id.* A frivolous argument or claim is one that is "baseless and made without a reasonable and competent inquiry." *Id.* (internal quotation marks and citation omitted). It is respectfully submitted that the Defendants' Motions to Dismiss easily meet this objectively unreasonable standard because of the complete ignorance of the black and white law and the legally unreasonable basis for filing and maintaining such motions – even after being advised in detail of controlling 7th Circuit law.

6

**V.       Motions to Dismiss**

The focus of the present Motion for Sanctions is the Motion to Dismiss filed by Kevin Butler and the Motion to Dismiss filed by Joseph Marino. Both Motions *ignore the facts* and *law*. The positions taken are completely unreasonable given the law and the facts. Accordingly, Plaintiffs respectfully request that the Court deem the Motions frivolous and sanction the Defendants for the filing of the same.

**A.       Butler's Motion to Dismiss**

For example, Defendant Kevin Butler filed a Motion to Dismiss based entirely upon the theory that "he is an employee." *See* Docket No. 20. Under this "employee defense" theory, Mr. Butler wholly ignored the law, as well as certain factual allegations in his memorandum.

Mr. Butler's supporting memorandum is so devoid of any analysis of the law that Butler's Reply Memorandum has to grasp at straws to respond to the Plaintiffs' Memorandum in Opposition. In the reply memorandum, Mr. Butler argues, "…Mr. Butler, has never argued that he is not liable in the present action *simply because he is an employee* of Mr. Marino." Docket No. 36 page 2. However, *this is exactly what Mr. Butler argued*.

In the Motion to Dismiss, it clearly states, "Defendant Kevin Butler respectfully moves for dismissal of the Complaint *since he is an employee*, not an officer of the Defendant corporation M&S Technologies, Inc." Docket No. 20 page 1 (emphasis added).[4] Indeed, the only basis advanced in both the Motion and supporting Memorandum was that Mr. Butler is not liable because he is an employee. Butler's analysis was so poor that even he did not appear to understand what he was arguing.

---

[4] See also, § II. C. 2. of the supporting memorandum is entitled "*Mr. Butler is Not Liable Under Count I Because He is an Employee of M&S."*

7

In "support" of this position, Mr. Butler *wholly ignored* any analysis on the language of 17 U.S.C § 501 (copyright infringement) or 17 U.S.C. § 1201 (Digital Millennium Copyright Act). No where in either the supporting memorandum or reply memorandum did Butler address the language of either statute.

Additionally, no where in either memorandum did Butler address the fact that the Complaint is replete with factual allegations that he was the individual performing the infringing actions—copying, installing, etc. Butler simply chose to ignore the factual allegations, and only in the response memorandum did he argue that the Complaint did not allege he knew his actions were infringing. *See* Docket No 36 page 3. This "knowledge" requirement is both unwarranted by law and, simply, not a position advanced by Butler in his memorandum in support.

Further, as explained in Plaintiffs Response Memorandum, Butler: wholly ignored certain counts which establish personal liability; and, provides no authority in applying his "employee" defense to the violation of the Digital Millennium Copyright Act. *See* Docket No. 34, pages 11-12. Again, Mr. Butler provided a position wholly unsupported in fact and law.

Butler's Motion and supporting memorandum had no reasonable basis in fact or law, whatsoever. Indeed, the memorandum is devoid of any analysis of the statutory language and does not deny the fact that the Complaint alleges that Mr. Butler was one of the actors and his own actions gave rise to his personal liability.

  **B.**  **Marino's Motion to Dismiss**

Mr. Marino's Motion to Dismiss is equally as frivolous as Butler's Motion to Dismiss. Mr. Marino's Motion to Dismiss completely ignored the allegations in the Complaint that allege his "personal participation" in the infringing activities and completely ignored that the facts established a "myriad" of other counts against Mr. Marino.

Marino's Motion to Dismiss cites to *Dangler v. Imperial Machine Co*., 11 F.2d 945 (7th Cir. 1926); yet it ***failed to provide*** any analysis regarding the Complaint's allegation that Mr. Marino personally participated in the infringing activities, an avenue of liability that is clearly established by *Dangler* and its progeny of cases. *See* Docket No. 22, generally. Indeed, Mr. Marino cited to this very Court's opinion in which personal participation was a basis for the liability of a corporate officer. *See* Docket No. 22 citing to *Peaceable Planet, Inc. v. Ty, Inc*., 185 F. Supp. 2d 893 (N.D. Il. 2002). Quite simply, Marino advanced an unreasonable position that ignored the black and white law.

In fact, the first time Marino addressed "personal participation" is in his Response Memorandum which states, "The 'special showing' requirement is a high standard to meet and requires more than just personal participation to find an officer liable for the infringing activities of a corporation." Docket No. 37 page 3. However, and not surprisingly, Marino cites **no authority** which holds that "more than just personal participation" **is required**.[5] *Id*. Moreover, Mr. Marino again ignored the allegations regarding his personal participation and completely ignored any analysis. *Id*., generally. Quite simply, Mr. Marino advanced an unreasonable position that was and is unwarranted in either fact or law.

Additionally, as explained in more detail in Plaintiffs Opposition Memorandum, Marino's memorandum failed to provide: any law applying the Dangler standard to the other non-infringing counts; and any analysis of the additional non-infringing counts and the specific allegations contained in the complaint. Docket No. 35 page 10-12. More specifically, Marino's Motion to Dismiss wholly ignored the factual allegations in the Complaint relating to: wrongfully representing his ownership of the copyrighted software, wrongfully threatening to sue, wrongfully bypassing the digital security to access copyrighted software, wrongfully

---

[5] Of course, the cases cited had more than personal participation alleged, but nowhere is such required.

representing that the Plaintiffs' software is illegal or unauthorized and wrongfully retaining physical copies of the Plaintiffs' copyrighted software. *Id.* **Nowhere** does the Memorandum filed in support of the Motion to Dismiss ***even come close to addressing*** these specific factual allegations.

All of these failures were brought to the attention of the Defendants' in the Letter of Exhibit A hereto. Unfortunately, and frustratingly, the Defendants thumbed their respective noses at the law and the Plaintiffs' proper and justified request that they dismiss their Motions to Dismiss.

## VI. Improper Purpose

Both Motions to Dismiss meet the objectively unreasonable standard because they clearly ignore both law and fact. However, Plaintiffs believe such faulty Motions were filed in an effort to increase the litigation costs for Plaintiffs.

The Plaintiffs and Defendants are both competitors in the same industry. The Plaintiffs are, for all intents and purposes, new, startup entities in the present market attempting to establish themselves. Quite the opposite, the Defendants have established themselves partly due to the overwhelming success of Plaintiff Nordstrom's software. The Plaintiffs, unsatisfied with the direction of the prior relationship with Defendants M&S and Marino, and feeling cheated and taken advantage of, severed the relationship and started to distribute its own line of products in direct competition with the Defendants. The Defendants are undeniably aware of the Plaintiffs' efforts to establish themselves. By filing and maintaining their unsupported and unwarranted Motions to Dismiss, the Defendants unreasonably utilized the legal process to increase the present litigation. This improper purpose is evidenced by the Defendants repeatedly ignoring the

law and taking unreasonable and unsupported positions. The clearest example of this unreasonable ignorance is the Motions to Dismiss.

### VII. Conclusion

The Federal Rules of Civil Procedure *require* a Court to impose sanctions for the filing of frivolous motions and for improper purposes. The Motions to Dismiss filed by Marino and Butler repeatedly ignored the law and facts and have unreasonably increased the litigation. Accordingly, the Plaintiffs request that the Court sanction the Defendants and award the Plaintiffs their costs and fees for responding to the frivolous Motions, as well as for costs and fees associated with this present Motion.

Dated: December 15, 2006

Respectfully Submitted,

FACTOR & LAKE, LTD.

By: s/jody l. factor
Jody L. Factor (IL Bar No. 6198261)
Edward L. Bishop (IL Bar No. 6224483)
Patrick J. Smith (IL Bar No. 6284418)
FACTOR & LAKE, LTD.
1327 W. Washington Blvd., Suite 5G/H
Chicago, Illinois 60607
Telephone: (312) 226-1818
Telecopier: (312) 226-1919

*ATTORNEYS FOR PLAINTIFFS-COUNTERCLAIM DEFENDANTS*

**CERTIFICATE OF SERVICE**

I, Jody L. Factor, hereby certify on this 15th day of December 2006, a true and correct copy of the foregoing document, entitled **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SANCTIONS,** with the Court using the CM/ECF system which will send notification of such filing to the following:

>Mr. Mark W. Hetzler (IL Bar No. 6217209)
>Mr. Edward E. Clair (IL Bar No. 6269539)
>FITCH, EVEN, TABIN & FLANNERY
>120 S. LaSalle Street, Suite 1600
>Chicago, Illinois 60603
>E-mail: mwhetz@fitcheven.com
>E-mail: eclair@fitcheven.com

I further certify that I have served, via facsimile and First Class Mail, the foregoing document to the following non-CM/ECF participant:

>Ms. Jude Fry, Esq.
>FAY SHARPE FAGAN MINNICH & MCKEE LLP
>1110 Superior Ave, 7th Floor
>Cleveland, Ohio 44114
>Facsimile: (216) 241-1666

>By: s/ Jody L. Factor
>Jody L. Factor (IL Bar No. 6198261)
>FACTOR & LAKE, LTD.
>1327 W. Washington Blvd., Suite 5G/H
>Chicago, IL 60607
>Telephone: (312) 226-1818
>Facsimile: (312) 226-1919
>jfactor@factor-lake.com