# EXHIBIT
# A



July 25, 2006

1327 W. Washington Blvd., Ste 5G-H
Chicago, IL 60607-1912
P: 312.226.1818
F: 312.226.1919
Direct Email: jfactor@factor-lake.com

## VIA FACSIMILE (Original to Follow)

Ms. Jude Fry, Esq.
FAY SHARPE FAGAN MINNICH & MCKEE LLP
1100 Superior Ave., 7th Floor
Cleveland, OH 44114

        Re:    Nordstrom Consulting Inc. and Innova Systems Inc. v.
                M&S Technologies, Inc., J. Anthony and Associates,
                Inc., Mr. Joseph Marino, and Mr. Kevin Butler
                Our File No. NCI - 061134

Dear Jude,

      Although we intend to respond to both Mr. Marino's Motion to Dismiss and Mr. Butler's Motion to Dismiss (if necessary), we formally request that you voluntarily withdraw the two Motions since we believe them to be frivolous and wholly unsupported in fact or law.

      Specifically, with respect to Mr. Marino's Motion to Dismiss, while we recognize that it is appropriate to rely upon *Dangler v. Imperial Machine Co.*, 11 F.2d 945 (7th Cir. 1926) for the standard in determining if a corporate officer is personally liable for the *infringements* of the corporation, the Motion completely ignores quoted and directly relevant avenues of liability. Namely, Dangler clearly and explicitly states that an officer who *personally participates* in the alleged infringing acts can be personally liable. Indeed, your Memorandum in Support of the Motion to Dismiss quotes the following paragraph from *Dangler*:

> It is when the officer acts willfully and knowingly -- *that is, when he personally participates in the manufacture or sale of the infringing article* (acts other than as an officer), *or* when he uses the corporation as an instrument to carry out his own willful and deliberate infringements, or when he knowingly uses an irresponsible corporation with the purpose of avoiding personal liability -- that officers are held jointly with the company. The foregoing are by no means cited as the only instances when the officers may be held liable, but they are sufficient for the present case. *Dangler* at 947 (emphasis added).

      Despite the Memorandum's quotation of this potential avenue of liability, the Memorandum ignores any analysis of Mr. Marino's personal liability *for his own infringing actions*. While, the Memorandum correctly addresses that the Complaint does not allege that



Mr. Marino used the corporation to carry out the infringements or for an improper purpose, at this time, the Plaintiffs have not alleged such a scenario. Rather, as clearly alleged *with specific facts*, Mr. Marino's liability is based upon his own participation in the infringing activities, *i.e.*, copying, installing, distributing. See, *e.g.*, Complaint ¶¶, 44, 50 and 71. See also, *Piaggo v. Scooterworks USA, Inc.*, 1999 U.S. Dist. LEXIS 13296, \*18-19 (N.D. Ill. 1999) ("Thus, at this juncture, assuming all well-plead facts to be true and drawing all inferences in favor of [plaintiff], the Court finds that the allegations in the Complaint are sufficient to state a claim for personal liability against [the officer] for the alleged infringement.") Interestingly, your Memorandum is completely devoid of any reference or analysis associated with Plaintiffs' alleged basis for personal liability—a basis clearly provided for in the very case you relied upon.

Additionally, with respect to Counts II and III (as well as Count I) it is well established law that because evidence of copying does not always exist, copying can be inferred with substantial similarity and access to the copyrighted materials. See, *e.g.*, *Atari, Inc. v. North American Philips Consumer Electronics Corp.*, 672 F.2d 607, 614 (7th Cir. 1982)(superseded by statute on other grounds as stated in *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1429 (7th Cir. 1985)). The Complaint clearly alleges both of these facts. See, *e.g.*, Complaint ¶¶ 57-59 and 62-64. In fact, the Answer with Counterclaims *admits access*. More specifically addressed to the derivative works, Counts II and III alleged that the "Defendants" have created the derivative works (the term "Defendants" includes Mr. Marino). Complaint ¶¶ 78 and 83. Despite these specific factual allegations in the Complaint, the Motion to Dismiss, again, wholly ignores and fails to address same.

Finally, the Motion fails to specifically address the numerous other counts that explicitly identify Mr. Marino as allegedly being liable for his own personal actions. For example, the Memorandum does not address the Counts for unfair competition, deceptive trade practices, and conversion. Additionally, no support is provided for the proposition that the holding in *Dangler*, which dealt solely with infringing activities, applies to the other non-infringing Counts against Mr. Marino. Moreover, even if *Dangler* did apply, as explained above, Mr. Marino's own actions give rise to the liability, and, the Complaint clearly alleges facts relating to his own actions. See, *e.g.*, Complaint ¶¶ 50, 56, 68 and 116.

In sum, because the Motion ignores relevant precedent in *Dangler*, and specific factual allegations regarding Mr. Marino's personal participation in the acts alleged, the Motion has no support in either fact or law, and, is therefore entirely frivolous. Based upon the above, Plaintiffs demand that your Motion be voluntarily withdrawn, or Plaintiffs will seek sanctions associated therewith.

In addition, we believe Mr. Butler's Motion to Dismiss is equally as frivolous. First, and foremost, the main basis of Mr. Butler's liability is the Digital Millennium Copyright Act. The statute specifically states: "*No person* shall circumvent a technological measure that effectively controls access to a work protected under this title." 17 U.S.C. § 1201 (a)(1)(A) (emphasis added). Further, there is no support that Mr. Butler cannot be liable for his actions with respect to the Digital Millennium Copyright Act (17 U.S.C. § 1201). The Complaint contains allegations that the computer contained digital security protecting the copyrighted software. Complaint ¶ 35. The Complaint also alleged that Mr. Butler and/or Mr. Marino personally

circumvented the digital security system. Complaint ¶¶ 50 and 51. Interestingly, it has been admitted that Mr. Butler changed the configuration on the computer and it would appear that this Count against Mr. Butler need not be litigated further. Accordingly, Mr. Butler's position that he cannot be liable is inconceivable since *it has been admitted* he performed the acts complained of—bypassing the technological measure to access the copyrighted material.

Further, the violation of the Digital Millennium Copyright Act is not a copyright infringement (as you are well aware since it has been alleged by your client that Mr. Steve Nordstrom violated the same statute), and there is simply *no support* that an employee cannot be liable for violating this statute. Your unsupported position is akin to an employer telling an employee to commit theft and then allowing the employee to hide behind his employment. Such a position is untenable and unsupported.

Additionally, Mr. Butler's Motion to Dismiss completely fails to address the two Counts for creation of the derivative works and the Count for conversion. Each of these Counts alleges that the "Defendants" have retained a physical copy or created the allegedly derivative work.[1] See, *e.g.*, Complaint ¶¶ 78, 83 and 143. The failure to address these counts should be enough to consider the Motion frivolous. Nevertheless we will address the lack of support for Mr. Butler's position.

While the Memorandum cites to Nimmer on Copyrights for the proposition that "an employee is not liable," the Memorandum fails to address that the same section, only 5 paragraphs earlier in the Treatise states, "*The human being* who engages in reproduction, distribution, or other acts of 'copying' as defined by the Copyright Act *is culpable as the direct infringer.*" 3-12 Nimmer on Copyrights § 12.04[A][1] (emphasis added). Additionally, the statute is clear, "*Anyone* who violates any of the exclusive rights of the copyright owner...*is an infringer* of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a) (emphasis added). However, even the cases cited support the position that an employee can be liable for copyright infringement.

For example, the court in *Bradbury v. Columbia Broadcasting System, Inc.*, refused to hold an employee liable because there was *no evidence* of access or infringement, not because the defendant was an employee. *Bradbury v. Columbia Broadcasting System, Inc.*, 287 F. 2d 478, 485 (9th Cir. 1961) ("It is not established by the evidence that [employee] participated in the writing of the script...nor did he have access..."). In other words, the court found that the Defendant employee *did not* infringe, not that he *could not* be liable for infringement merely because he was an employee. The reliance on this case is mistaken.

Additionally, the reliance on *Frank Music Corp v. Metro-Goldwyn Mayer, Inc.* is misplaced. In both appeals, the court in *Frank Music Corp.* was addressing the liability of an employee with respect to the plaintiff's *damages* and the defendant's *profits*[2], not whether or not the employee *could* be liable. *Frank Music Corp v. Metro-Goldwyn Mayer, Inc.*, 772 F.2d 505

---

[1] Any ambiguity in the complaint is construed in favor of the plaintiff. *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998).

[2] A copyright owner successful in an infringement suit is awarded both the plaintiff's damages and the defendant's profits. 17 U.S.C. § 504.

(9th Cir. 1985) and *Frank Music Corp v. Metro-Goldwyn Mayer, Inc.*, 866 F.2d 1545 (9th Cir. 1989). See *e.g.*, *Frank Music Corp v. Metro-Goldwyn Mayer, Inc.*, 866 F.2d 1545, 1555 (9th Cir. 1989) ("In *Frank Music I*, we held that [employee] could not be held jointly and severally liable for MGM Grand's ***profits*** unless he acted as a partner or practically a partner of MGM Grand, rather than as an employee or independent contractor....In *Frank Music I* we opined that if the district court concluded that Arden was an employee, he nonetheless could be held severally liable for any profits he himself earned in connection with Hallelujah Hollywood.") (bolded emphasis added). Neither of these cases holds that an employee cannot be liable simply because the employee is an employee.

More on point are *Southern Mississippi Planning & Development District, Inc. v. Robertson*, 660 F. Supp 1057 (S.D. Miss. 1986) and *Berry v. Hawaii Express Service, Inc.*, 2006 U.S. Dist. LEXIS 35043 (D. Haw. 2006). In both of these cases, the respective courts expressly rejected the same argument now made by Mr. Butler, and held the contrary—that an employee could not escape personal liability because the infringement was committed in the scope of their employment. See *Berry* at *26-7 ("The court is simply unpersuaded by Employees' argument that they cannot be liable for direct infringement because...their infringing activities were 'done in the scope of their employment and under the direction of their supervisors.'"); see also *Southern Mississippi* at 1062 ("The individual counter-Defendants' assertion of the doctrine of respondeat superior again does not excuse them in their individual capacities for any alleged wrongful activity committed by them in the scope of their employment."). In other words, Mr. Butler's position that an employee is not liable is just plain wrong and contrary to the law.

In accordance with Federal Rule of Civil Procedure 11 and 7th Circuit case law, we hereby demand that these two frivolous Motions to Dismiss be voluntarily withdrawn. If you do not voluntarily withdraw these frivolous Motions, we will file a Motion seeking sanctions associated with filing thereof at the appropriate time.

Sincerely,

FACTOR & LAKE, LTD.

Jody L. Factor

JLF:ys