**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Nordstrom Consulting Inc. and | ) | |
| Innova Systems Inc., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| M&S Technologies, Inc. and J. Anthony | ) | Civil Action No. 06 C 3234 |
| and Associates, Inc., Mr. Joseph Marino, | ) | |
| and Mr. Kevin Butler, | ) | Judge John W. Darrah |
| | ) | |
| Defendants. | ) | Magistrate Judge Martin C. Ashman |
| | ) | |
| M&S Technologies, Inc. and J. Anthony | ) | |
| and Associates, Inc., | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| v. | ) | |
| Nordstrom Consulting Inc., | ) | |
| Innova Systems Inc., and Mr. Steven Bruce | ) | |
| Nordstrom, | ) | |
| | ) | |
| Counter-Defendants. | ) | |

**DEFENDANTS/COUNTER-PLAINTIFFS' MOTION FOR SANCTIONS**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and this Court's inherent

authority, Defendants Defendants/Counter-Plaintiffs, M&S Technologies, Inc. ("M&S") and J.

Anthony and Associates, Inc., Mr. Joseph Marino, and Mr. Kevin Butler (collectively

"Defendants"), respectfully request that this Court grant their Motion for Sanctions against

Nordstrom Consulting Inc. ("NCI"), Innova Systems Inc. ("Innova"), and Steven Nordstrom.

This motion is supported by a brief and the Declaration of Joseph Marino, all of which are being

filed contemporaneously herewith.

WHEREFORE, this Court should enter an Order against Plaintiffs/Counter-Defendants Nordstrom Consulting Inc. ("NCI"), Innova Systems Inc., and Mr. Steven Bruce Nordstrom (collectively "Plaintiffs") and non-party John Nordstrom as follows:

1.      Barring the presentation at trial of all evidence from Plaintiffs denying, refuting or contesting, that they did not publish defamatory/false statements with regard to M&S, Joseph Marino and/or Kevin Butler as such statements relate to Counts VII, IX, XI, XII and XIII of the Counterclaims;

2.      Giving an adverse inference instruction to the jury such that the jury can infer that evidence destroyed by Plaintiffs is unfavorable to Plaintiffs;

3.      Ordering that evidentiary presumptions be drawn in Defendants' favor with regard to Counts VII, IX, XI, XII and XIII of the Counterclaims;

4.      Denying Plaintiffs' Motion for Summary Judgment as it relates to Counts XII and XIII of the Counterclaims;

5.      Reimbursing Defendants all attorneys fees, expert fees, and costs expended in connection with any effort by Defendants to obtain evidence and/or admissions that Plaintiffs, John Nordstrom and Plaintiffs' distributors published defamatory/false statements with regard to M&S, Joseph Marino and/or Kevin Butler as such statements relate to Counts VII, IX, XI, XII and XIII of the Counterclaims;

6.      While maintaining the current trial schedule for this case, re-opening discovery for forty-five (45) days and *for Defendants only* to allow Defendants to take additional discovery regarding the subject matter of this action;

7.      Compelling John Nordstrom to appear for a deposition regarding the subject matter of this action subsequent to such time as he responds to all discovery requests;

8.      Compelling John Nordstrom to respond specifically to all discovery requests (including interrogatories, requests for production of documents and requests for admissions) previously served on NCI, Innova and Steven Nordstrom;

9.      Compelling any related company of Plaintiffs to respond specifically to all discovery requests (including interrogatories, requests for production of documents and requests for admissions) previously served on NCI, Innova and Steven Nordstrom;

10.     Ordering that Defendants may re-depose any past or present employees or officers of Innova or NCI, who previously testified in this case;

11.     Ordering that officers of both NCI and Innova as well as John Nordstrom shall:

(a)     re-examine company/individual records and promptly produce any and all documents not previously produced that relate in any way to the subject matter of this litigation;

(b)     certify under oath to the Court that they have made a comprehensive and complete search of all company files and records, electronic and otherwise, for information related in any way to the subject matter of this litigation and that such search is complete; and

(c)     prepare and tender to Defendants sworn affidavits listing all documents destroyed or deleted electronically, related in any way to the subject matter of this litigation or alternatively that no such documents have been deleted;

12.     Ordering Innova, NCI, Steven Nordstrom and John Nordstrom to pay Defendants' costs to engage an expert to examine their respective computer systems and duplicate, as necessary, hard drives or other electronic or magnetic storage media, with the intent of locating any documents or electronic files that relate in any way to the subject matter of this litigation;

13.     Allowing Defendants' experts to supplement their reports in this case consistent with information provided pursuant to this Order;

14.     Awarding to Defendants costs and attorneys fees incurred in connection with the preparation and presentation of this Motion for Sanctions and Motion to Compel;

15.     Ordering Plaintiffs to show cause why the Complaint should not be dismissed with prejudice based on the fact that NCI is involuntarily dissolved and Innova is not in good standing with the Illinois Secretary of State; and

16.     Granting any and all further and different relief as this Court may deem fair and just.

Respectfully submitted,

s/Edward E. Clair
Edward E. Clair
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street
Suite 1600
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

Of Counsel:
Timothy E. Nauman (0016440)
Jude A. Fry (0053651)
FAY SHARPE LLP
1100 Superior Avenue, 7th Floor
Cleveland, Ohio  44114-2579
Phone:  (216) 861-5582
Fax:  (216) 241-1666
E-Mail:  tnauman@faysharpe.com
        jfry@faysharpe.com

Attorneys for Defendants