IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nordstrom Consulting Inc. and Innova Systems Inc., <br><br> Plaintiffs, <br><br> v. <br><br> M&S Technologies, Inc. and J. Anthony and Associates, Inc., Mr. Joseph Marino, and Mr. Kevin Butler, <br><br> Defendants. <br><br> M&S Technologies, Inc. and J. Anthony and Associates, Inc., <br><br> Counter-Plaintiffs, <br><br> v. <br><br> Nordstrom Consulting Inc., Innova Systems Inc., and Mr. Steven Bruce Nordstrom, <br><br> Counter-Defendants. | Civil Action No. 06 C 3234 <br><br> Judge John W. Darrah <br><br> Magistrate Judge Martin C. Ashman |

**DECLARATION OF JOSEPH MARINO IN SUPPORT OF MOTION FOR SANCTIONS**

I, Joseph Marino, declare as follows, upon penalty of perjury:

1.   This declaration is based upon matters within my personal knowledge.

2.   I am President and CEO of M&S Technologies, Inc. and J. Anthony and Associates, Inc. ("M&S").

3.   In September of 2006, while at the East West Eye conference in Cleveland, I saw Alan Golata (then an employee of Walman Instrument Group) speaking with Steve Nordstrom of Innova. Golata would have been wearing a Walman shirt and badge as that is Walman's practice at these trade shows. Golata's responsibilities were to sell, install and service instruments

provided by Walman to customers within his region, which included Michigan and northern Indiana.

4. One of the product lines Golata was representing was the M&S Smart System line of computerized visual acuity systems. Leads and sales generated by M&S at trade shows, by phone inquiry, trade journal advertising, direct mail and web site inquiry were turned over to Walman as part of the exclusivity agreement between M&S and Walman.

5. In the Spring of 2007, I learned that Golata had agreed to represent the Innova product line, while still employed by Walman Instruments. A web site was created by Golata indicating the same. I was advised that Walman terminated Golata from their employ due to violation of competitive practices. I inquired as to whether documents related to this litigation had been found on Golata's hard drive and was informed by Walman's IT group that Golata had "scratched" the hard drive. I inquired as to what "scratched" meant and was told that the information was permanently deleted from the hard drive and was unrecoverable.

6. Last week, on October 26th at American Academy of Optometry meeting in Tampa Florida, Golata passed the M&S booth. He was wearing an Innova badge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November ___1st___, 2007.

_____
Joseph Marino