IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nordstrom Consulting Inc. and Innova Systems Inc., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | |
| M&S Technologies, Inc. and J. Anthony and Associates, Inc., Mr. Joseph Marino, and Mr. Kevin Butler, | ) ) ) ) | Civil Action No. 06 C 3234 Judge John W. Darrah |
| Defendants. | ) ) | Magistrate Judge Martin C. Ashman |
| M&S Technologies, Inc. and J. Anthony and Associates, Inc., | ) ) ) ) | |
| Counter-Plaintiffs, | ) ) | |
| v. | ) | |
| Nordstrom Consulting Inc., Innova Systems Inc., and Mr. Steven Bruce Nordstrom, | ) ) ) ) | |
| Counter-Defendants. | ) | |

**DEFENDANTS/COUNTER-PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION OF THE NOVEMBER 27, 2007 COURT ORDER**

Defendants hereby move the Court for clarification of the Court's Order issued November 27, 2007 in response to Defendants' Motion for Sanctions. In particular, Plaintiffs do not agree to the subpoenaing of Plaintiffs' personal e-mail accounts and refuse to consent to the subpoenas, as was ordered by the Court. The parties had a Rule 37 conference the afternoon of November 30, 2007, and as a result of that conference and no agreement being made between the parties, Defendants have filed this Emergency Motion for Clarification of the Court Order due to the urgency of needing to submit a signed subpoena to the e-mail service providers in light of the fact that many service providers purge or delete their systems of back-up emails on a regular basis. The longer Plaintiffs procrastinate in giving us their consent to subpoena these providers, the more likely it is that this information will be lost forever.

On November 27, 2007, the Court ordered, among other things, Plaintiffs to consent to the subpoena of their personal e-mail records in order to allow Defendants to determine if any information from the damaged and/or destroyed computers mentioned in Defendants' Motion for Sanction can be recovered from the e-mail service providers' servers. Specifically, the Court ordered Plaintiffs to "consent in writing to obtaining the information, whatever documents are necessary to obtain information on *any* destroyed computer from the servers involved." (*See* Exhibit A, 11-27-07 Hearing Transcript, page 18, lines 9-12) (emphasis added). The Court clarified that the subpoena "include[ed] his personal email," (*see* Exhibit A, 11-27-07 Hearing Transcript, page 18, line 15).

On November 28, 2007, Defendants sent an e-mail to Plaintiffs' counsel with the subpoenas attached for the Plaintiffs to sign. (*See* Exhibit B, Ed Clair e-mail of 11/28/07). After the November 27, 2007 court hearing, it was discovered that Plaintiffs had two additional personal e-mail accounts through AT&T, which is the provider for sbcglobal.net. Therefore, Defendants also included a subpoena to AT&T for those accounts as well, since that was also contemplated under the Order. The Defendants sent subpoenas to Plaintiffs requiring consent for the following e-mail accounts: NordstroSB@aol.com; sb.nordstrom@sbcglobal.net; and innova.systems@sbcglobal.net.

Plaintiffs, however, refused to sign the subpoenas, stating that the order was only directed to Plaintiffs' AOL account because this was the only account used on any of the Defendants' computers. (*See* Exhibit B, Ed Bishop e-mail of 11/29/07). Defendants replied by enclosing a copy of the transcript from the parties appearance before the Court on November 28, 2007 and clarifying that Defendants' request, as well as the Court order, has nothing to do with what e-mail service Plaintiffs' used on Defendants' computers (which only account for some of the damaged or destroyed computers), but rather, is to check the servers of Plaintiffs' e-mail providers to see if any contain retrievable information from the computers that have been damaged or destroyed. (*See* Exhibit B, Ed Clair e-mail of 11/29/07). For example, do the servers of any of Plaintiffs' personal e-mail accounts have copies of e-mails that were sent to or from the damaged or destroyed computers. If so, Defendants are entitled to that material to the extent it is not privileged.

In response to this e-mail, Plaintiffs reiterated their position that the order is directed to obtaining e-mails from Mr. Nordstrom's computer used at M&S only and not to the SBC (or

AT&T) e-mail records. (*See* Exhibit B, Ed Bishop e-mail of 11/30/07). In this response, Plaintiffs failed to address the point raised by Defendants about the other damaged or destroyed computers and failed to explain how they rectify this narrow reading of the Court's Order in view of the fact the entire transcript discusses not only the Defendants' computers, but also those of the Plaintiffs and the Plaintiffs' salesmen and specifically says "[t]he Order is that you consent in writing to obtaining the information, whatever documents are necessary to obtain information on *any* destroyed computer from the servers involved." (*See* Exhibit A, 11-27-07 Hearing Transcript, page 18, lines 9-12) (emphasis added).

A Rule 37 meet-and-confer conference was held the afternoon of November 30, 2007, however, an agreement was not able to be reached between the parties. Thus, Defendants are filing this motion in an attempt to obtain further and final clarification of the Order issued November 27, 2007.

The parties also have disputes as to how the materials produced by the e-mail service providers are to be handled and the need for an additional protective order to be entered with respect to same. These are addressed in the e-mails attached hereto in Exhibit B and Defendants respectfully request that these items be addressed during the appearance for Defendants' Motion for Clarification.

Defendants' lastly note that Plaintiffs were advised that Defendants would be filing this motion after the meet-and-confer conference on November 30, 2007 and the parties called the Courtroom Deputy to determine when the motion should be noticed for.

Dated: November 30, 2007 Respectfully submitted,

                                                        s/Edward E. Clair
                                                        Edward E. Clair
Nada J. Ardeleanu
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street
Suite 1600
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

Of Counsel:
Timothy E. Nauman (0016440)
Jude A. Fry (0053651)
FAY SHARPE LLP
1100 Superior Avenue, 7th Floor
Cleveland, Ohio 44114-2579
Phone: (216) 861-5582
Fax: (216) 241-1666
E-Mail: tnauman@faysharpe.com
         jfry@faysharpe.com

Attorneys for Defendants

4